UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUL 3 1 2009

Clerk, U.S. District and
Bankruptcy Courts

Efrain Ante Montenegro,                  )
                                         )
                Plaintiff,               )
                                         )
        v.                               )        Civil Action No.   **09 1455**
                                         )
United States Coast Guard,               )
                                         )
                Defendant.               )

MEMORANDUM OPINION

This matter is before the Court on initial review of plaintiff's *pro se* complaint and

application to proceed *in forma pauperis*, transferred from the Middle District of Florida. The

application will be granted and the complaint dismissed for lack of subject matter jurisdiction.

*See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines

that it lacks subject matter jurisdiction).

Plaintiff is a prisoner at the Northeast Ohio Correctional Center in Youngstown, Ohio.

He alleges that members of the United States Coast Guard, while patrolling off the coast of

Ecuador, "shot and wounded [him] while he was serving as a crew member on a boat which was

stopped and searched during a drug interdiction." Compl. at 3. Plaintiff also alleges that the

Coast Guard members were "acting as Investigative or Law Enforcement Officers, and within the

scope of their employment by the United States[.]" *Id.* He seeks $10 million in monetary

damages.

A claim for monetary damages against the United States is cognizable under the Federal

Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.* Such a claim, however, is maintainable

only after the plaintiff has exhausted his administrative remedies by "first present[ing] the claim

to the appropriate Federal agency. . . ." 28 U.S.C. § 2675. This exhaustion requirement is

jurisdictional. *See GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987); *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984); *Stokes v. U.S. Postal Service*, 937 F. Supp. 11, 14 (D.D.C. 1996).  The Court lacks jurisdiction to consider plaintiff's damages claim because he has not indicated that he exhausted his administrative remedies.  *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir.  2005) (per curiam) ("[T]he district court properly dismissed case [based on unexhausted FTCA claim] for lack of subject matter jurisdiction.").  Accordingly, the complaint will be dismissed.  A separate Order accompanies this Memorandum Opinion.

_____
United States District Judge

Date: July __21__, 2009

2